# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4238 | **DATE** | October 6, 2010 |
| **CASE TITLE** | George Calhoun, Jr. (#2009-0012388) v. Officer Myatt, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, Plaintiff's motion for leave to file second amended complaint [#52] is denied. In addition, Plaintiff's notice to reinstate court order is construed by the court as a motion to be appointed library privileges [#53] and is denied. The court waives compliance with the portions of its standing order regarding motions for summary judgment. The Defendant shall file his motion by 10/18/2010, the Plaintiff shall file his response by 11/15/2010, and the Defendant shall file his reply on 11/30/2010. If the Plaintiff does not file a response, the court will proceed without the benefit of his views.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff, a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Officer Myatt violated his rights under the Fourteenth Amendment by pushing him and calling him names. Plaintiff has filed a second amended complaint in which he alleges a custom and policy on behalf of the Cook County Sheriff's Department of failing to train its officers and of using excessive force against inmates.

    The Magistrate Judge entered an order in this case on August 24, 2010, striking Plaintiff's second amended complaint, in part because he had not sought leave to file it. In that order, Plaintiff was advised that the Cook County Sheriff's Department is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Plaintiff has again submitted his proposed second amended complaint, seeking to add the Cook County Sheriff Department as a Defendant, but this time seeks leave to do so. Plaintiff's motion is denied., for the reasons given in Magistrate Judge Gilbert's order of August 24, 2010. Additionally, Plaintiff was cautioned to perform some basic legal research, and to only sue parties against whom a § 1983 claim may be made, or risk Fed. R. Civ. P. 11 sanctions. The Court declines to issue such sanctions at this point, but reiterates its admonishment to Plaintiff.

    Further, Plaintiff's assertions of failure to supervise or train against the Cook County Sheriff Correctional Department make only broad speculations and are based upon a single incident. Such allegations are insufficient to state a claim. *See Calhoun v. Ramsey,* 408 F.3d 375, 380 (7th Cir. 2005) (a claim that a supervisory official failed to train or supervise requires a showing of a custom or policy of deliberately allowing inadequate training; a single random incident of excessive force does not establish such a claim); *see also Bell Atlantic Corp. v.*
**(CONTINUED)**

AWL

## STATEMENT

*Twombly,* 550 U.S. 544, 555 (2007) (a formulaic recitation of the elements of a cause of action with merely labels and legal conclusions is insufficient to state a claim; a complaint must provide enough to raise the litigant's right of relief above a speculation level). "A single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326. (7th Cir. 1993). Consequently, Plaintiff's motion for leave to amend his complaint to add in an official capacity, *respondeat superior* type Defendant is denied. Plaintiff may proceed only against the officer against whom he alleges excessive use of force.

Finally, Plaintiff seeks an order that he be allowed to use the law library because he is working on this civil action. Due to penological concerns of security and orderly administration, the Court will defer to the judgment of the Cook County Department of Corrections officials with respect to scheduling inmates' use of the law library and access to other legal assistance. Courts cannot manage jails and prison and thus must give substantial deference to those who do. The Court therefore declines to order jail officials to grant Plaintiff special access to the law library. Nevertheless, the Court certifies that the above-captioned case is pending in federal court. The Court accordingly requests that jail officials grant Plaintiff reasonable access to the law library and other legal assistance, in a manner to be determined by jail administrators.