# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE CALHOUN (#2009-0012388), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 4238 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| OFFICER MYATT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Cook County Correctional Officer Myatt is the sole remaining defendant in this pro se § 1983 excessive force suit filed by plaintiff George Calhoun. Calhoun alleges that on June 16, 2009, he was incarcerated at the Cook County Jail and was passing out dinner trays in the Christian Wing. According to the complaint, Calhoun told Myatt that he resembled comedian Robin Harris. Apparently, Myatt was not a fan because he allegedly responded by attacking Calhoun and inflicting lower back injuries.

Before the court are the parties' cross-motions for summary judgment (Docs. 63 & 79). Myatt contends that he is entitled to summary judgment because Calhoun failed to exhaust his administrative remedies prior to filing suit as required under the Prisoner Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Calhoun's motion for summary judgment focuses on the merits of his excessive force claim. For the reasons stated herein, Myatt's motion for summary judgment is granted, and Calhoun's motion for summary judgment is denied.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Myatt filed his motion for summary judgment, he included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Calhoun's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

(A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including

> references to the affidavits, parts of the record, and other
> supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

**FACTS**

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, from Calhoun's complaint, and from Calhoun's response to Defendants' motion for summary judgment. George Ellis Calhoun, Jr. entered Cook County Jail on February 23, 2009. (Defendant's Exhibit 1, Plaintiff's Deposition, pp. 31-32). Calhoun was a pretrial detainee housed in Division Six, Tier 1A on June 16, 2009. (*Id.*, p. 10.) Calhoun alleges in his complaint that on June 16, 2009, he was involved in an altercation with Myatt in Division Six, Tier 1. (Plaintiff's Complaint, ECF Doc. #1.)

The Cook County Jail had an established grievance procedure that was available to all detainees in 2009. (Defendant's Exhibit 3, Affidavit of John Mueller, ¶ 4.) According to the Cook County Department of Corrections "detainee grievance policies," a detainee is required to properly exhaust all administrative remedies before filing a related lawsuit. (Defendant's Exhibit 3, ¶ 5.) Calhoun understands the grievance procedure at the Cook County Jail and, indeed, had completed grievance forms prior to the alleged altercation on June 16, 2009. (Defendant's

Exhibit 1, pp. 32-34.)

Elvis Slaughter was the superintendent of Division Six on June 16, 2009. (Plaintiff's Complaint, ECF Doc. #1 and Defendant's Exhibit 4, ¶ 3.) Calhoun attached to his proposed amended complaint a copy of the grievance regarding the alleged altercation with Myatt on June 16, 2009, with an affidavit stating that he gave the grievance to Slaughter. (Plaintiff's proposed amended complaint, ECF Doc. #82, Attachment A, Affidavit 1 and 1(b).) Myatt disputes that Calhoun gave Slaughter a grievance on that date, contending that Slaughter was not present at the Cook County Jail at 6:00 p.m. on June 16, 2009. (Defendant's Exhibit 4, ¶ 3.) In an affidavit, Slaughter denies receiving a grievance from Calhoun regarding the event on June 16, 2009. (*Id.*, ¶ 4.)

During the normal course of business, an initial grievance response is forwarded to the detainee 20 to 30 days after filing. (Defendant's Exhibit 3, ¶ 10.) If the detainee is unsatisfied with the response, he can file an appeal to be reviewed at a Detainee Grievance Appeal Meeting. (*Id.*) The earliest Calhoun's appeal could have been heard was during the Detainee Grievance Appeal Meeting that occurred on July 20, 2009. (*Id.*) But Calhoun filed his complaint in this matter before that meeting even occurred—he mailed the complaint on June 24, 2009, which the court received on July 14, 2009.[1] (Plaintiff's Complaint, ECF Doc. #1.)

---

[1] While Defendant's Local Rule 56.1 statement of fact #9 indicates that the complaint was mailed on July 24, 2009, the filing date of the original complaint, and the complaint itself indicate that the mailing date was actually June 24, 2009, 8 days after the alleged incident and 26 days before the Detainee Grievance Appeal Meeting.

# ANALYSIS

## Calhoun Failed to Exhaust his Administrative Remedies.

Calhoun's litigation against Myatt cannot proceed because the undisputed evidence establishes that Calhoun failed to exhaust his administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). Inmates at the Cook County Jail receive a handbook describing basic programs and procedures. *See* John Howard Association's Court Monitoring Report, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.) (reflecting that the Cook County Jail has an established and publicized grievance procedure).

The parties dispute whether Calhoun filed a grievance in the first place. However, the

dispute is not material because even assuming that he filed the grievance, he nevertheless failed to complete the grievance process because he filed suit before his grievance could have been appealed. As detailed above, he allegedly filed his grievance on June 16, 2009. His earliest opportunity to appeal would have been July 20, 2009, but he filed suit by mailing his complaint on June 24, 2009, just 8 days after the alleged incident and 26 days before the next Detainee Grievance Appeal Meeting. Calhoun would have needed to file an appeal to have fully exhausted his administrative remedies, and by failing to do so he has failed to meet the exhaustion requirements of the Prisoner Litigation Reform Act. *See* 42 U.S.C. § 1997e(a); *see also Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) *(*"a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment.").

Calhoun contends in his response that he also filed a grievance with Internal Affairs and attempted to make a criminal complaint against Myatt. However, Calhoun's internal affairs complaint and efforts to pursue criminal charges against Myatt are outside of the grievance procedure provided for Cook County inmates, and do not indicate that Calhoun exhausted his administrative remedies.

Calhoun could not have fully exhausted his administrative remedies prior to filing suit and, under the jail's grievance policies, it is now too late to do so. Accordingly, Myatt's motion for summary judgment is granted.

Because Myatt is entitled to judgment based on Calhoun's failure to exhaust his administrative remedies, Calhoun's motion for summary judgment is denied as moot.

## CONCLUSION

For the foregoing reasons, Myatt's motion for summary judgment [#63] is granted and Calhoun's motion for summary judgment [#79] is denied as moot. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

ENTER:

DATE: August 24, 2011

_____
Blanche M. Manning
U.S. District Court Judge